## In re FISCHER.
### Patent Appeal No. 2936.

Court of Customs and Patent Appeals.
April 4, 1932.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant's alleged invention, involved in this appeal, relates to a mastic substance for waterproofing and like purposes. It is said to be particularly adapted for roofing purposes where it is applied as a coating for saturated felt or fabric sheets. While all the claims do not specify a bituminous base, the invention seems to relate chiefly to a roofing mastic comprising a bituminous plastic body.

Claims 1 and 9 are regarded as typical, and follow:

"1. A mastic substance composed of a bituminous mass, a solvent for such mass having the quality of retarding setting of the mass and maintaining masticity thereof, and a filler of subdivided fibrous material thoroughly incorporated in the mass and lending body to the mass without destroying its masticity."

"9. A waterproof mastic material comprising a mobile body, an adhesive incorporated in said body to impart adhering characteristics thereto, and a non-drying oil mixed with said adhesive to prolong the setting of said body."

The references relied on are: Johns, 76,773, April 14, 1868; Johns, 205,750, July 9, 1878; Warren, 248,072, October 11, 1881.

The Examiner rejected claims 1, 2, and 7 to 12, inclusive. The Board of Appeals affirmed the Examiner's rejection of claims 1, 2, 7, 9, 10, and 11, and reversed his rejection of claims 8 and 12.

The Board rejected claims 1 and 2 for lack of disclosure in the application of a solvent of the kind called for in the claims. Claims 7, 9, 10, and 11 were rejected as defining nothing patentable over the patent to Warren. The Board concluded that there was no invention in merely adding to Warren's compound a filler such as asbestos or other substances, well known in the art, as disclosed by the Johns' references. The Board held that claims 8 and 12, being limited to a jellylike substance which is a glue and glycerine combination, were disclosed in the application and allowable.

We agree with the conclusion of the Board of Appeals and the reasons assigned therefor, and its decision is affirmed.

Affirmed.